**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL CARRASCO-ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 15-71015<br><br>Agency No. A205-526-495<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Jose Manuel Carrasco-Escobar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law and claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process by pretermitting Carrasco-Escobar's application for cancellation of removal, where he lacked any qualifying relatives at the time of his final removal hearing. *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1101(b)(1); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation); *De Mercado v. Mukasey*, 566 F.3d 810, 816 n.5 (9th Cir. 2009) ("[N]o authority . . . suggest[s] that the Constitution provides . . . a fundamental right to reside in the United States simply because other [family members] are citizens or lawful permanent residents.").

We lack jurisdiction to consider Carrasco-Escobar's unexhausted contention regarding the preservation of his son's status as a qualifying relative. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

15-71015